UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRENTON DAVON FYE,

      Plaintiff,

         v.                      CAUSE NO. 3:25-CV-495-CCB-SJF

SMILEY,

      Defendant.

<u>OPINION AND ORDER</u>

Trenton Davon Fye, a prisoner without a lawyer, is proceeding in this case "against the Warden of Westville Correctional Facility in his official capacity for injunctive relief related to the plaintiff's ongoing need for protection from inmates at that facility[.]" ECF 4 at 8. Warden Smiley filed a motion for summary judgment, arguing Fye did not exhaust his available administrative remedies before filing this lawsuit. ECF 17. Fye filed a response, and Warden Smiley filed a reply. ECF 26, 27, 28. The motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.*

*Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Warden Smiley provides a copy of the Offender Grievance Process, Fye's grievance records, and an affidavit from Shannon Smith, the Grievance Specialist at Westville Correctional Facility ("WCF"), which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF and available to Fye. ECF 19-1 at 2, 6. The Offender Grievance Process required Fye to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2-3; ECF 19-2 at 3.

2

Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 19-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

The Grievance Specialist attests that Fye's grievance records show he submitted numerous grievances at WCF, but there is no record he ever submitted any grievance relating to his claim that he needed protection from other inmates. ECF 19-1 at 9. Moreover, the grievance office does not have any record of Fye ever writing to the grievance office regarding the lack of receipt or response to any such grievance. *Id.* at 9-10. If Fye had written to the Grievance Specialist about not receiving a receipt or response to a grievance, the Grievance Specialist attests she would have looked into the matter and asked Fye to resubmit the grievance. *Id.* The Grievance Specialist concludes that, because Fye (1) never submitted or exhausted any grievance related to his claim that he needed protection from other inmates, and (2) never submitted any written notification to the grievance office related to the lack of receipt or response to any such grievance, the record shows Fye did not exhaust his available administrative remedies before he filed this lawsuit. *Id.*

In his response, Fye concedes he did not fully exhaust any relevant grievance. The court therefore accepts that as undisputed. Instead, he argues his administrative remedies were unavailable because he submitted a relevant grievance which was ignored by the grievance office. Specifically, Fye states in his unsworn summary judgment response that: (1) he submitted an "emergency grievance" on March 31, 2025, complaining he was being threatened by other inmates at WCF; (2) he did not receive any response to this March 31 grievance, so he submitted a "Request for Interview" form to the Grievance Specialist on May 1, 2025, regarding the lack of receipt or response to his March 31 grievance; and (3) he did not receive any response to this Request for Interview form, so he proceeded to file this lawsuit. ECF 26 at 1; ECF 19-6 at 1. Fye does not provide any sworn attestations or other evidence in support of this assertion. *See* Fed. R. Civ. P. 56(c); *Thomas v. Kolhouse*, No. 24-1351, 2025 WL 1483373, at *2 (7th Cir. May 23, 2025) (inmate's "unsworn assertions" regarding the steps he took to exhaust a grievance were not enough to preclude summary judgment, as he needed to "cite admissible evidence in the record supporting these assertions, such as an affidavit") (*citing Jones v. Lamb*, 124 F.4th 463, 468 (7th Cir. 2024) (to create a material dispute regarding exhaustion of remedies a prisoner must cite the record)). Rather, Fye attaches only one exhibit to his summary judgment response which is not relevant to the exhaustion analysis here.[1]

---

[1] Fye attaches a March 4, 2024, letter from the Grievance Specialist informing him he has been deemed a Grievance Abuser and may only file "Emergency, PREA, and Court Remanded" grievances for the next thirty days. ECF 26-1. This letter is not relevant here because it (1) was sent over a year before the relevant timeframe and only restricted Fye from submitting grievances for thirty days and, regardless, (2) did not prevent Fye from submitting "emergency grievances," which is what he claims to have submitted here.

In his reply, Warden Smiley argues that, because Fye did not provide or designate any relevant evidence in support of his summary judgment motion, it remains "undisputed that Mr. Fye did not follow up with Shannon Smith as required under the grievance policy concerning a grievance that she allegedly failed to respond to." ECF 28 at 2. Warden Smiley cites to N.D. Ind. L.R. 56-1(e), which provides that "The court may find a fact is not supported" if the party does not support the fact by citing to evidence in the record. He also cites to Fed. R. Civ. P. 56(c), which provides that "A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record," and to Fed. R. Civ. P. 56(e), which provides that "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it".

As discussed, the Offender Grievance Process provides that, in the event an inmate submits a grievance and receives no receipt or response from the grievance office, the inmate must "notify the Offender Grievance Specialist of that fact (*retaining a copy of the notice*) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 19-2 at 9 (emphasis added). It is well established that this "notice requirement" of the Offender Grievance Process is a necessary step to exhaust a grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he

contacted the Grievance Specialist when he received no response to his grievance); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance); *Ridley v. Neal*, No. 3:24-cv-32-PPS-JEM, 2024 WL 1113401, at *3-4 (N.D. Ind. Apr. 14, 2025) (concluding the "notice requirement" applies to Emergency Grievances in the same manner as it applies to normal grievances.). Fye asserts he met the "notice requirement" by submitting a Request for Interview form to the Grievance Specialist, but he provides no sworn testimony or other evidence in support of this assertion. Rather, Fye provides only one exhibit with his summary judgment response, which is not relevant to the exhaustion analysis here.

With the summary judgment motion, Warden Smiley provided Fye a copy of N.D. Ind. L.R. 56-1 and Fed. R. Civ. P. 56, which instructed him to file a response which includes "a citation to evidence supporting each dispute of fact" and notified him he could only create a genuine dispute by "citing to particular parts of materials in the record." As discussed, the Offender Grievance Process explicitly required Fye to send a written notice to the Grievance Specialist and "retain[] a copy of the notice." Fye did not provide a copy of this written notice with his summary judgment response, and has not explained why he was unable to provide a copy, which he was required by the Offender Grievance Process to retain. *See Lockett*, 937 F.3d at 1025 (noting the law takes a "strict compliance approach to exhaustion.") Moreover, Fye has not provided any sworn testimony describing the steps he took to exhaust his remedies. Therefore,

6

because Fye provides no sworn testimony or other evidence showing he submitted a written notice to the Grievance Specialist, he has not created a genuine dispute. *See Thomas*, 2025 WL 1483373, at *2; *Jones*, 124 F.4th at 468. The court therefore accepts as undisputed that the grievance office never received any written notice from Fye regarding the lack of receipt or response to his March 31 grievance, which means Fye did not exhaust the Offender Grievance Process' "notice requirement." *See* N.D. Ind. L.R. 56-1(e); Fed. R. Civ. P. 56(e)(2) and (3). Accordingly, Warden Smiley has met his burden to show Fye did not exhaust his available administrative remedies before filing this lawsuit, and summary judgment is warranted in Warden Smiley's favor. *See Lockett*, 937 F.3d at 1027; *Rambo*, 2020 WL 1157865, at *4.

For these reasons, the court:

(1) **GRANTS** Warden Smiley's motion for summary judgment (ECF 17); and

(2) **INSTRUCTS** the clerk to enter judgment in favor of Warden Smiley and against Trenton Davon Fye and to close this case.

SO ORDERED on June 5, 2026.

/s/ *Cristal C. Brisco*  
CRISTAL C. BRISCO, JUDGE  
UNITED STATES DISTRICT COURT

7